UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 24-mj-7433-JCB

UNITED STATES OF AMERICA

v.

FLORIANO DE SOUZA

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

November 12, 2024

Boal, M.J.

The defendant, Floriano De Souza, is charged in a complaint with conspiracy to engage in the business of dealing firearms without a license in violation of 18 U.S.C. § 371. An initial appearance was held on October 16, 2024, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (defendant is charged with felony that is not otherwise a crime of violence that involves the possession or use of a firearm), 3142(f)(2)(A) (serious risk of flight), and 3142(f)(2)(B) (serious risk of obstruction of justice).

This Court held a detention hearing on November 7, 2024. The government called ATF Special Agent James O'Connor. The defense cross-examined Special Agent O'Connor. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services report recommending release on conditions, I order De Souza detained pending trial.

I.   **ANALYSIS**

    A.   **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the

1

government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Nature Of The Offense And Weight Of The Evidence

De Souza has been charged with conspiracy to engage in the business of dealing firearms without a license in violation of 18 U.S.C. § 371. During an ATF investigation, a cooperating witness ("CW") working for the ATF made controlled purchases from targets of the investigation, resulting in several arrests for federal firearms and narcotics offenses. The government alleges that, in the aftermath of the arrests, De Souza threatened the CW and his or her family that, if the CW did not pay approximately $70,000 for lost illegal proceeds arising

from seized firearms belonging to the conspiracy, they would be harmed. The defense suggested, on the other hand, that the government had misinterpreted De Souza's statements to the CW and his or her family member based on several levels of hearsay and language interpretation issues.

### C.    Defendant's History And Characteristics

De Souza, age 50, was born in Brazil. He relocated to the United States in July 2023. At the time of his arrest, he was working as a painter. His criminal record shows an arrest in February 2024 for operating under the influence and operating negligently.

### D.    Risk Of Flight

De Souza is married and the couple have two children, ages 15 and 20. His wife and youngest child live in Brazil. His 20-year old daughter lives in South Yarmouth, Massachusetts. He has another daughter from a prior relationship, age 27, who lives in Brazil.

Since moving to the United States, De Souza has lived in South Yarmouth with four cousins. De Souza has no legal status in the United States. According to defense counsel, however, De Souza was paroled[1] into the United States and has a master hearing in November 2025.

### E.    Dangerousness

The instant charge involves allegedly threatening witnesses.

---

[1] A "paroled" alien is one who is temporarily permitted to remain in the United States pending a decision on his application for admission to the United States. Heng Meng Lin v. Ashcroft, 247 F.Supp.2d 679, n.1 (E.D. Penn. 2003). Paroled aliens, however, are deemed as having never been admitted into the United States. Id. (citing 8 U.S.C. § 1182(d)(5)(A)).

**F.    Assessment Of All Factors**

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. De Souza has only been in the United States for approximately 15 months and has very limited ties to the United States. He also has significant ties to Brazil and no legal status in the United States. In addition, the conduct alleged in the complaint is of a dangerous nature. Accordingly, I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Floriano De Souza be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Floriano De Souza be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Floriano De Souza is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                                      /s/ Jennifer C. Boal
                                                   JENNIFER C. BOAL
                                                   United States Magistrate Judge